# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE L. STATES, JR.,** | ) | **CASE NO.  5:07CV1259** |
| | ) | |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMMISSIONER OF SOCIAL** | ) | **MEMORANDUM OPINION** |
| **SECURITY,** | ) | **AND ORDER** |
| | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

This matter is an action to review a final decision of the Commissioner of Social Security denying Plaintiff's application for (1) disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§416(i) and 423 *et seq*, and (2) supplemental security income (SSI) pursuant to 42 U.S.C. §1381, *et seq*.

On May 9, 2007, pursuant to L.R. 72.2, this matter was automatically referred to Magistrate Judge James S. Gallas for preparation of a report and recommendation. (Dkt. # 6). On August 26, 2008, the Magistrate Judge issued a Report and Recommendation (R&R), recommending that the Court deny Plaintiff's appeal and affirm the decision of the Administrative Law Judge (ALJ). (Dkt. # 18). Plaintiff timely filed objections to the Magistrate's R&R. (Dkt. # 19). Defendants filed a response to Plaintiff's objections. (Dkt. # 20).

Plaintiff objects to the Magistrate Judge's determination that the ALJ's conclusion that

the Plaintiff does not qualify for benefits under Listing 12.05(C) was supported by substantial

evidence.  Specifically, Plaintiff argues that the evidence demonstrates that Plaintiff exhibits

the deficits in adaptive functioning necessary for a finding of mental retardation under

Listing 12.05(C).  The ALJ determined that Plaintiff did not exhibit the requisite deficits in

adaptive functioning to qualify for benefits based on mental retardation, and the Magistrate

Judge found that the ALJ's conclusion was supported by substantial evidence.

As the Magistrate Judge noted, this Court's review of the decision of the ALJ, which

was adopted by the Commissioner of Social Security, is limited to a determination of whether

that decision was supported by substantial evidence.  42 U.S.C. § 405(g); Cotton v. Sullivan,

2 F.3d 692, 695 (6th Cir. 1993).  "Substantial evidence exists when a reasonable mind could

accept the evidence as adequate to support the challenged conclusion, even if that evidence

could support a decision the other way."  Casey v. Sec. of Health and Human Services, 987

F.2d 1230, 1233 (6th Cir. 1993).  Thus, it is not within the purview of the Court to weigh the

evidence anew and draw its own conclusions.

Listing 12.05(C) provides, in pertinent part:

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage
> general intellectual functioning with deficits in adaptive functioning initially
> manifested during the developmental period; i.e., the evidence demonstrates
> or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements
> in A, B, C, or D are satisfied.
>
> *                              *                              *

2

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 12.05.

Plaintiff argues that he meets the definition of mental retardation because he has a valid IQ score of 70, as well as deficits in adaptive functioning. Whether an individual exhibits the requisite deficits, however, is determined by the factors listed in subsections A through D. In the instant case, the applicable subsection is C.

It is undisputed that Plaintiff has a valid full scale IQ score between 60 and 70. (Tr. 588). Subsection C also requires that an individual exhibit a "physical or other mental impairment imposing an additional *and significant* work-related limitation of function." 20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 12.05(C) (emphasis added). The evidence before the ALJ demonstrates, and Plaintiff does not dispute, that Plaintiff has held at least two long-term jobs, namely as a stock person unloading trucks for five years and as a hotel employee (cleaner and dishwasher) for 16-17 years. (Tr. 657-659). Based on such evidence, the ALJ could have concluded that Plaintiff did not have a mental impairment "imposing an additional and significant work-related limitation of function," and, therefore, did not meet the criteria set forth in Listing 12.05(C).

Plaintiff further argues that the ALJ's finding that Plaintiff has mild impairments in daily living and social functioning is unsupported and "actually supports a finding that Plaintiff is disabled." (Dkt. # 19 at 2). First, as discussed *supra*, Plaintiff's employment history could support the ALJ's finding that Plaintiff does not exhibit the requisite deficits

in adaptive functioning under Listing 12.05.  Furthermore, Plaintiff's argument that the ALJ's finding of mild impairments supports a finding that Plaintiff is disabled is unpersuasive.  Under the language of Listing 12.05(C), an individual's physical or mental impairment must be such that it imposes "an additional *and significant* work-related limitation of function."  20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 12.05(C) (emphasis added). Thus, not every impairment meets the severity requirement of Listing 12.05(C).  The ALJ's determination that Plaintiff's impairments were not of sufficient severity was based on upon the medical evidence, Plaintiff's employment history, and evidence regarding his daily living skills.  Therefore, there was sufficient evidence to support the ALJ's conclusion.

The Court has reviewed the Report and Recommendation of the Magistrate Judge *de novo* and finds that it is well-supported.  Plaintiff's objections are without merit.

Therefore, the Report and Recommendation of Magistrate Judge Gallas is hereby **ADOPTED**.  (Dkt. # 18).  The decision of the Commissioner that Plaintiff was not disabled is **AFFIRMED**.  Accordingly, this matter is **DISMISSED**.

**IT IS SO ORDERED**.

**/s/ Peter C. Economus - September 25, 2008**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**